IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-640 CW |
| Plaintiff, | ORDER GRANTING MOTION FOR REDUCTION IN SENTENCE (Docket Nos. 127, 130) |
| v. | |
| MARVIN M. CAMPBELL, | |
| Defendant. | |

Defendant Marvin Campbell, represented by counsel, moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 based on the Sentencing Commission's Amendment 782 which revised the Drug Quantities Table across drug and chemical types.[1]  The government opposes the motion.  Having considered the parties' papers and the entire record in this case, the Court GRANTS Defendant's motion.

BACKGROUND

On April 7, 2010, Defendant plead guilty to one count of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), possession with intent to distribute at least 500 grams of cocaine, and one count of violating 18 U.S.C. § 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking crime.  The Rule 11(c)(1)(C) plea agreement provided that the amount of cocaine and

---

[1] On October 1, 2015, Defendant, proceeding pro se, filed the original motion for a reduction of sentence.  Docket No. 127.  On December 10, 2015, the Federal Public Defender appeared on Defendant's behalf.  On December 29, 2015, the Federal Public Defender filed the instant motion.  Docket No. 130.


crack Defendant had in his possession led to an offense level of 28 and that Defendant was eligible for a three-level acceptance of responsibility reduction for a total offense level of 25.  The parties further agreed that Defendant had a criminal history category of IV.  The parties agreed to a sentence for his drug offense of no less than sixty months and no more than eighty-four months of imprisonment.  The sixty months represented the mandatory minimum sentence for his offense, and the eighty-four months represented the low end of the guideline range for an offense level of 25 and a criminal history category of IV.  Probation recommended an eighty-four month sentence on the drug count.  Defendant also faced a consecutive sixty-month mandatory minimum sentence for the firearm offense.

    At the sentencing hearing on July 21, 2010, the Court found that the base offense level was 26, instead of 28, due to the disparity between the crack and powder cocaine guidelines.  Accordingly, the Court found that the total offense level was 23, with a resulting guideline range of seventy to eighty-seven months.  The Court sentenced Defendant to seventy months on the drug count to be followed by sixty months on the firearms count.

## DISCUSSION

    Defendant now moves for a reduction of sentence in light of the Sentencing Commission's 2014 amendment to the Sentencing Guidelines, Amendment 782.  The amendment generally reduced by two levels the base offense levels for all drug and chemical types in the Drug Quantity Table in U.S.S.G. § 2D1.1.  U.S.S.G. App. C, amend. 782.

Defendant argues that, if the amendment had been in effect when he was sentenced, his total offense level would have been 21, resulting in a guideline range of sixty to seventy-one months to be followed by the sixty-month sentence on the firearms count.[2]

I.   Jurisdiction

The government argues that Defendant's motion is premature because his appeal of this Court's denial of his § 2255 motion is still pending before the Ninth Circuit.  While it is true that, if Defendant is ultimately successful on his § 2255 motion, this motion may be moot, the issues on appeal are not the same as those on appeal.  "[T]he notion that a pending appeal strips the trial court of jurisdiction is a judicially-crafted rule designed to avoid confusion or waste of time resulting from having the same issues before two courts at the same time."  United States v. Hickey 580 F.3d 922, 927 (9th Cir. 2009).  Accordingly, the Court finds that it maintains jurisdiction to consider Defendant's § 3582 motion.

II.   Sentence Reduction

"As a general matter, courts may not alter a term of imprisonment once it has been imposed."  United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007).  However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule.[3]  A defendant is

---

[2] The guideline range would actually be fifty-seven to seventy-one months, but the drug offense carries a sixty-month mandatory minimum sentence.

[3] Section 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Commission . . . the

3

eligible for a sentence reduction under § 3582(c) "if two prongs are satisfied: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. Pleasant, 704 F.3d 808, 810 (9th Cir. 2013) (internal quotation marks omitted). The policy statement at U.S.S.G. § 1B1.10(a)(1) provides that a defendant is eligible for a sentence reduction if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines. . . ." U.S.S.G. § 1B1.10(a)(1). Accordingly, a defendant's sentence must be "based on" a sentencing range that has been changed, and the guideline range "applicable to" the defendant must have been lowered by an amendment in order for him or her to be eligible for a reduction under § 3582(c). Application Note 1(A) to U.S.S.G. § 1B1.10 provides that the "applicable" guideline range is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

The government argues that the Court's decision to use an offense level of 23 instead of 25 was a variance. Accordingly,

---

court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent applicable if such reduction is consistent with the applicable policy statement of the Sentencing Commission.

4

the government asserts, the offense level applicable to Defendant's offense was 25, not 23, and Amendment 782 lowers the applicable offense level to 23.  Because the Court sentenced Defendant to seventy months, the low end of the range corresponding to offense level 23, the government contends that Defendant is not eligible for a sentence reduction.  However, the Court clearly indicated in its Statement of Reasons that there was no departure or variance and that the Court determined that a total offense level of 23 applied.  Moreover, at sentencing, the Court explained that it was using "a different guideline calculation," not a "downward departure."  Docket No. 42 at 17.  The government agreed that it was "fine" to call it "a different guideline calculation" rather than a "downward departure."  Id.

Accordingly, the Court finds that the applicable guideline range at sentencing was seventy to eighty-seven months, based on a total offense level of 23 and a criminal history category of IV.  Amendment 782 lowers the total offense level to 21, with a resulting guideline sentencing range of sixty to seventy-one months.  Defendant is eligible for a sentence reduction on his drug offense to sixty months.

Where, as here, a court determines that a defendant is eligible for a sentence modification under § 1B1.10, it then considers "whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)."  Dillon v. United States, 560 U.S. 817, 826 (2010).  The Court finds that granting a sentence reduction promotes sentencing objectives.  Amendment 782 adjusted the guideline ranges for drug offenses so the guideline ranges

5

included, rather than exceeded, relevant statutory mandatory minimum sentences. Previously, the ranges were set above the mandatory minimum "to permit some downward adjustment for defendants who plead guilty or otherwise cooperate with authorities." 79 Fed. Reg. 26004. The Amendment was based on data that showed that other statutory and guideline provisions were "adequate incentive to plead guilty." Id. The Amendment was also intended to address "the significant overcapacity and costs of the Federal Bureau of Prisons." Id. at 26005. Research indicated that the Amendment would not have any negative effect on public safety or recidivism rates. Id. Considering the amended Guidelines and the 28 U.S.C. § 3553(a) factors, the Court finds sixty months to be a reasonable sentence for Defendant's drug offense. The Court also notes that this sentence is within the range agreed to in the plea agreement.

## CONCLUSION

For the foregoing reasons, Defendant's motion for reduction of sentence is GRANTED (Docket No. 130). Defendant's sentence is reduced to sixty months on the drug count to be followed consecutively by sixty months on the firearms count for a total of 120 months. An amended judgment and commitment order will be issued separately.

IT IS SO ORDERED.

Dated: May 10, 2016

CLAUDIA WILKEN
United States District Judge

6